IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 1:22-CR-180 (MAD) |
| | ) | |
| v. | ) | **Plea Agreement** |
| | ) | |
| **KIMBERLY MCPHERSON,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and defendant **Kimberly McPherson** (hereinafter "the defendant"), by and through the defendant's counsel of record, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure:

1) **The Defendant's Obligations:**

   a) **Guilty Plea:** The defendant will waive indictment and plead guilty to Count 1 of the information in Case No. 1:22-CR-180 (MAD) charging the unlawful possession and use of a means of identification, in violation of 18 U.S.C. § 1028(a)(7).

   b) **Special Assessment:** The defendant will pay an assessment of $100 per count of conviction pursuant to 18 U.S.C. § 3013. The defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to the U.S. District Court, at the time of sentencing.

   c) **Resignation from the Troy City Council:** The defendant agrees that within thirty (30) days of pleading guilty, she will resign from her position as a Member of the Troy City Council.

   d) **Compliance with Other Terms of Agreement:** The defendant will comply in a timely manner with all of the terms of this plea agreement.

2) **The Government's Obligations:**

   a) **Non-prosecution for other offenses:** For so long as the defendant's guilty plea and the sentence remain in effect, the government will not seek other federal criminal charges against the defendant based on conduct described in the information in Case No 1:22-CR-180 (MAD) and/or in the paragraph of this agreement entitled "Factual Basis for Guilty Plea," occurring before the date on which the defendant signs this agreement. This agreement does not prevent the government from seeking charges based on other conduct.

   b) **Compliance with Other Terms of Agreement:** The government will comply in a timely manner with all of the terms of this plea agreement.

3) **Potential Maximum Penalties:** The defendant understands that the Court can impose the following maximum penalties for the offense to which the defendant agrees to plead guilty:

   a) **Maximum term of imprisonment:** 5 years, pursuant to 18 U.S.C. § 1028(b)(2)(B).

   b) **Maximum fine:** $250,000, pursuant to 18 U.S.C. § 3571(b)(3).

   c) **Supervised release term:** the court may require the defendant to serve a term of supervised release of up to 3 years, to begin after imprisonment. *See* 18 U.S.C. § 3583. A violation of the conditions of supervised release during that time period may result in the defendant being sentenced to an additional term of imprisonment of up to 2 years.

   d) **Other adverse consequences:** Other adverse consequences may result from the defendant's guilty plea as further described in paragraph F below.

4) **Elements of Offense:** The defendant understands that the following are the elements of the offense to which the defendant agrees to plead guilty. The defendant admits that the defendant's conduct satisfies each and every one of these elements.

a) First, the defendant knowingly possessed or used, without lawful authority, a means of identification of another person;

b) Second, the defendant knew the means of identification belonged to another, actual person;

c) Third, the defendant did so with the intent to commit, or in connection with, an unlawful activity that constitutes a violation of state law; and

d) Fourth, the means of identification was transported in the mail in the course of the unlawful possession or use.

5) **Factual Basis for Guilty Plea:** The defendant admits the following facts, that those facts demonstrate the defendant's guilt for the offense to which the defendant is pleading guilty, and that there are no facts establishing a viable defense to that offense:

**Background**

At all times relevant to the information:

a) The defendant was a resident of Troy, New York, who represented District 2 on the Troy City Council. In 2021, she ran for re-election to the Troy City Council, first in the primary election and then in the general election.

b) Individual-1 and Individual-2 resided outside of the United States, and were registered to vote in Rensselaer County, specifically in the City of Troy, District 2.

c) Individual-3 worked at the Rensselaer County Board of Elections.

d) In New York State, a voter could request to vote absentee only by submitting an absentee ballot application by the stated deadline, prior to an election. The application was received and processed by the relevant county Board of Elections.

e) If approved for absentee voting, the voter was mailed or otherwise provided a ballot and an envelope in which to place the completed ballot. When a voter filled out and submitted

3

an absentee ballot, they were required to sign the envelope that enclosed the ballot; the envelope stated the voter's name and address.

f) The New York State Board of Elections maintained a web site called the Voter Absentee Ballot Application Request Portal (hereinafter "the Portal"), through which a voter could electronically request that an absentee ballot be mailed or otherwise provided to them. If a voter submitted a request through the Portal, the request was routed to the relevant county Board of Elections, which, if it approved the request, mailed or otherwise provided the absentee ballot to the voter.

g) New York Election Law § 17-132(3) made it a felony to knowingly vote or attempt to vote in an election under another person's name, and New York Election Law § 17-132(8) made it a felony to fraudulently sign the name of another person on an absentee voter's envelope or to commit or aid in committing a fraudulent act in connection with an absentee vote cast or attempted to be cast.

**The Defendant Obtained and Cast a Ballot in Individual-1's Name in the June 2021 Primary Election**

h) On June 22, 2021, the Working Families Party ("WFP") held a primary election to determine, among other things, which candidate would appear on the WFP ballot line in the general election for the Troy City Council, District 2.

i) The defendant sought to win – and did, in fact, win – the WFP ballot line for Troy City Council, District 2.

j) Prior to the primary election, the defendant asked Individual-3 how she could obtain an absentee ballot for Individual-1, who was then a WFP member. Individual-3 told the

defendant that an absentee ballot application could be filed in Individual-1's name through the Portal.

k) The defendant asked Individual-3 to file an absentee ballot request in Individual-1's name, via the Portal, and Individual-3 did so on or about May 11, 2021, using Individual-1's name and date of birth. As a result, the Rensselaer County Board of Elections mailed an absentee ballot for Individual-1 to the defendant's residence in Troy. Neither the defendant nor Individual-3 had lawful authority to use Individual-1's name and date of birth in an absentee ballot application.

l) Thereafter, the defendant received Individual-1's absentee ballot by U.S. mail. The defendant filled out the ballot, placed the ballot into the envelope bearing Individual 1's name, forged Individual-1's signature on the envelope enclosing the ballot, and mailed the completed ballot in Individual-1's name to the Rensselaer County Board of Elections, on or about June 11, 2021. The defendant did not have lawful authority to use Individual-1's name on an absentee ballot envelope.

m) The parties agree that the defendant, without lawful authority, used the means of identification of another person (Individual-1) with the intent to commit, and in connection with, felony violations of New York State Election Law § 17-132 (Illegal voting), specifically subsections (3) and (8) thereof.

**The Defendant Obtained and Cast Ballots in Individual-1's Name and Individual-2's Name in the November 2021 General Election**

n) The defendant successfully ran for re-election to the Troy City Council in the general election held on November 2, 2021.

5

o) Prior to the general election, the defendant asked Individual-3 how she could obtain absentee ballots for Individual-1 and for Individual-2. Individual-3 told the defendant that absentee ballot applications could be filed in Individual-1's name and in Individual-2's name through the Portal. The defendant asked Individual-3 to file absentee ballot requests in Individual-1's name and in Individual-2's name, via the Portal, and Individual-3 did so on or about September 13, 2021, using Individual-1's name and date of birth, and Individual-2's name and date of birth. Individual-3 also gave the defendant blank absentee ballot envelopes for Individual-1 and Individual-2, which Individual-1 and Individual-2 then signed.

p) The defendant filled out Individual-1's and Individual-2's ballots, placed the ballots into the envelopes bearing their names and signatures, and delivered the ballots in Individual-1's name and Individual-2's name to the Rensselaer County Board of Elections, on or about October 30, 2021.

q) The parties agree that the defendant, without lawful authority, used the means of identification of other people (Individual-1 and Individual-2) with the intent to commit, and in connection with, felony violations of New York State Election Law § 17-132 (Illegal voting), specifically subsections (3) and (8) thereof.

6) **Sentencing Stipulations:**

a) The parties agree that the base offense level is 6, pursuant to U.S.S.G. § 2B1.1(a)(2).

b) The government will recommend a 2-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. §3E1.1(a) if, (i) through the time of sentencing, the government is convinced that the defendant has demonstrated "acceptance of responsibility" for the offense(s) to which the defendant is *pleading guilty*

and all relevant conduct, as defined in U.S.S.G. § 1B1.3; and (ii) the government does not determine that the defendant, after signing this agreement, committed any other federal, state, or local crimes, or engaged in conduct that constitutes "obstruction of justice," as defined in U.S.S.G. §3C1.1.

7) **<u>Waiver of Rights to Appeal and Collateral Attack:</u>** The defendant waives (gives up) any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. §§ 2241 and 2255, to appeal and/or to collaterally attack the following (except that the defendant does not waive the right to raise a claim based on alleged ineffective assistance of counsel):

  a) The conviction resulting from the defendant's guilty plea;

  b) Any claim that the statute to which the defendant is pleading guilty is unconstitutional;

  c) Any claim that the admitted conduct does not fall within the scope of the statute;

  d) Any sentence to a term of imprisonment of 6 months or less;

  e) Any sentence to a fine within the maximum permitted by law;

  f) Any sentence to a term of supervised release within the maximum permitted by law;

  g) Any order of forfeiture or restitution imposed by the Court that is consistent with governing law and is not contrary to the terms of this agreement.

Nothing in this appeal waiver is meant to be or should be construed as a representation of or agreement concerning the appropriate sentence in this case.

A. **Right to Counsel:** The defendant has a right to assistance of counsel in connection with settlement of this case and understands that right. Defense counsel has advised the defendant of nature of the charges to which the defendant is agreeing to plead guilty and the range of possible sentences.

B. **Waiver of Trial-Related Rights:** The defendant has the following additional constitutional rights in connection with the charges in this case: (i) to be presumed innocent until proven guilty beyond a reasonable doubt; (ii) to plead not guilty; (iii) to trial by jury; (iv) to confront, cross-examine, and compel the attendance of witnesses at trial; (v) to present defense evidence; and (vi) to remain silent and be protected against compelled self-incrimination. The defendant understands that by pleading guilty, the defendant waives (gives up) these rights.

C. **Court Not Bound by Plea Agreement:** This plea agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. The Court is neither a party to, nor bound by this Plea Agreement. The Court may accept or reject this Plea Agreement or defer a decision until it has considered the Presentence Investigation Report prepared by the United States Probation Office. If the Court rejects the provisions of this agreement permitting the defendant to plead guilty to certain charges in satisfaction of other charges, the Court will permit the defendant to withdraw the plea of guilty before sentencing, pursuant to Fed. R. Crim. P. 11(c)(5) & (d).

D. **Court Not Bound by Agreed-Upon Recommendations, Stipulations, and Requests:** If this agreement contains any provisions under Fed. R. Crim. P. 11(c)(1)(B) by which the government agrees to recommend, stipulates, or agrees not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the

federal sentencing guidelines, or a policy statement, or sentencing factor does or does not apply, such a recommendation, stipulation, or request does not bind the Court, which may make independent factual findings by a preponderance of the evidence and may reject such recommendations, requests, and stipulations between the parties. If the Court rejects one or more recommendations, stipulations, or requests, the defendant is not entitled to withdraw the defendant's plea of guilty and is not released from the obligations described in this agreement. Under such circumstances, the government reserves the right to support and defend, in connection with any post-sentencing proceedings, any decision the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations, stipulations, or requests set out in this agreement.

E. **Sentencing:**

   a. **Maximum terms of imprisonment:** The defendant understands that the Court has discretion to impose a sentence within the statutory maximum sentence(s) set out in this agreement. If the defendant is pleading guilty to multiple charges, the Court may be required by law to have the sentences of imprisonment on the convictions resulting from those charges run consecutively to each other. Otherwise, the Court has discretion to have sentences of imprisonment run concurrently or consecutively. *See* 18 U.S.C. § 3584.

   b. **Sentencing guidelines:**

      i. The actual sentence to be imposed upon the defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties, as described above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder. While the Court is not bound to impose a sentence within the applicable sentencing guidelines range, it must take

into account the sentencing guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

ii. Any estimate of the defendant's offense level, criminal history category, and sentencing guidelines range provided before sentencing is preliminary and is not binding on the parties to this agreement, the Probation Office, or the Court. Until the Probation Office has fully investigated the defendant's criminal history, it is not possible to predict with certainty the defendant's criminal history category and, in some cases, the defendant's offense level.

iii. Under certain circumstances, the defendant's criminal history may affect the defendant's offense level under the federal sentencing guidelines. If the presentence investigation reveals that the defendant's criminal history may support an offense level different than an offense level stipulated in this agreement, the parties are not bound by any such stipulation as to the defendant's offense level and may advocate with respect to how the defendant's criminal history affects the offense level.

c. **Factual findings:** The defendant understands that the sentencing Court may make factual findings with respect to any and all sentencing factors and issues, including those referenced in the United States Sentencing Guidelines, whether or not such factors or issues have been admitted by the defendant or stipulated by the parties. In making those findings by a preponderance of the evidence, the Court may consider any reliable evidence, including hearsay. The Defendant understands that the sentence imposed may be determined based upon such judicial fact-finding.

d. **Use of the Defendant's Statements:** The defendant understands that the sentencing court may consider any statement that the defendant has made or makes in this Plea Agreement,

during the guilty plea, to the Probation Office, and at sentencing when imposing sentence. In addition the government may be able to use the defendant's statements in this agreement and at the guilty plea and at sentencing in any criminal, civil, or administrative proceeding. For example, if the defendant fails to enter a guilty plea (as required by this agreement) or the defendant's guilty plea is later withdrawn or vacated for any reason other than the Court's rejection of this Plea Agreement under Fed. R. Crim. P. 11(c)(5), the government may introduce the defendant's statements into evidence in any prosecution. If, however, the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5), and the defendant withdraws the guilty plea pursuant to Fed. R. Crim. P. 11(d)(2)(A), the government will not be permitted to use any of the defendant's statements in this Plea Agreement. To the extent that Rule 11(f) of the Federal Rules of Criminal Procedure and/or Rule 410 of the Federal Rules of Evidence are inconsistent with this paragraph, the defendant waives (gives up) any protections under those rules.

e. **Government's Discretion to Recommend a Sentence:** Unless a stipulation in this agreement explicitly limits the government's discretion with respect to its recommendations at sentencing, this agreement does not prevent the government from urging the sentencing Court to find that a particular offense level, criminal history category, ground for departure, or guidelines range applies; from recommending a specific sentence within the applicable guidelines range as determined by the Court or as urged by the government; or, if the government deems appropriate, recommending that the Court impose a sentence above the applicable guidelines range.

f. **Sentencing-Related Information:** The government has the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of

sentencing, whether or not encompassed within the count(s) to which the defendant has agreed to plead guilty, subject only to the limitation described in U.S.S.G. §1B1.8. No stipulation in this plea agreement limits the obligations of both parties to ensure that the sentencing Court has all information pertinent to its determination of an appropriate sentence. The parties may provide any factual information relevant to sentencing to the Probation Office and/or to the Court, without limitation, before or after the completion of the Presentence Investigation Report. The parties agree that the submission of such information shall not be deemed "advocacy" in violation of any stipulation in this plea agreement.

g. **Supervised Release Term and Conditions:** If the defendant is placed on supervised release, under some circumstances, including the defendant's violation of one or more supervised release conditions, the Court may extend the term of supervised release, and may modify, reduce, or enlarge the conditions of such release.

F. **Other Adverse Consequences:** The following are some examples of the adverse consequences of pleading guilty other than the sentence imposed by the Court, along with any judicial order of forfeiture and/or restitution:

a. Conviction of a felony may result in the loss of civil rights, including, but not limited to, the right to vote and the right to possess firearms.

b. A felony conviction may adversely affect the defendant's ability to hold certain professional licenses and may impair the defendant's ability to do business with federal, state, and local governments or to receive benefits from such governments.

There may be other adverse consequences as well, some of them unforeseeable. It may be difficult or impossible to predict all of the adverse consequences of the defendant's guilty

plea. The defendant agrees that any resulting adverse consequences, whether or not foreseen or foreseeable, will not provide a basis for withdrawing from the guilty plea described in this agreement or otherwise challenging the resulting conviction and sentence.

G. **Remedies for Breach:**

   a. Should the government determine that the defendant, after the date the defendant has signed this plea agreement, (i) has committed any further crime or violated any condition of release or supervision imposed by the Court (whether or not charged); (ii) has given false, incomplete, or misleading testimony or information; or (iii) has moved to withdraw the defendant's guilty plea for reasons other than those described in this agreement or otherwise has breached any term or condition of this plea agreement or supplemental agreements with the government, the government will have the right, in its sole discretion, to void this agreement, in whole or in part. In the event of such breach, the defendant will remain obligated to plead guilty and otherwise comply with the terms of this agreement and will not be permitted to withdraw the defendant's guilty plea under this agreement. The defendant will be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to charges that this Office has agreed to dismiss or not to prosecute under this agreement.

   b. If the defendant breaches this agreement, the government will have the following remedies, among others, available to it:

      i. To bring prosecution for any federal criminal offenses dismissed or not prosecuted under this agreement. The defendant waives (gives up) any defense or objection to the commencement of any such prosecution that is not time-barred by the applicable statute of limitations as of the date on which the defendant signed this plea agreement,

notwithstanding the expiration of the statute of limitations between the signing of the agreement and the commencement of any such prosecution.

ii. In connection with any such prosecution, any information, statement, and testimony provided by the defendant, and all leads derived therefrom, may be used against the defendant, without limitation and without regard to any rights the defendant may have under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

iii. To utilize any information, statement, or testimony provided by the defendant in any proceeding, including at sentencing, notwithstanding U.S.S.G. §1B1.8;

iv. To advocate if, and how, any particular adjustment or specific offense characteristic affects the applicable Sentencing Guidelines range without regard to any contrary stipulations contained in this agreement;

v. To refrain from making any sentencing-related motion favorable to the defendant without regard to any provision in this agreement obligating the government to consider making or make such motion upon fulfillment of certain conditions;

vi. To urge the sentencing Court to take the defendant's breach into account when imposing sentence;

vii. To recommend any sentence the government deems appropriate, even if such recommendation is at odds with any stipulation in this agreement.

H. **Limitations:** This agreement is between the United States Attorney's Office for the Northern District of New York and the defendant. References to "the government" in this agreement refer only to that Office. This agreement does not bind any other federal, state, or local prosecuting authorities. Furthermore, this agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative

proceedings directly or indirectly involving the defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability, proceedings relating to the forfeiture of assets, and proceedings by the Department of Homeland Security, Bureau of Citizenship and Immigration Services relating to the immigration status of the defendant.

I. **Agreement Must be Signed; Modifications Must be Written or on the Record:** This agreement, to become effective, must be signed by all of the parties listed below. No promises, agreements, terms, or conditions other than those set forth in this plea agreement will be effective unless memorialized in writing and signed by all parties or confirmed on the record before the Court.

J. **Agreement to Plead Guilty Voluntary:** The defendant acknowledges reading each of the provisions of this plea agreement with the assistance of counsel and understands its provisions. The defendant further acknowledges that the defendant's agreement to plead guilty is voluntary and did not result from any force, threat, or promises (other than the promises in this plea agreement and any written supplemental agreements or amendments).

CARLA B. FREEDMAN
United States Attorney

_____     6-8-22
Michael Barnett                     Date
Assistant United States Attorney
Bar Roll No. 519140

_____     6/8/22
Kimberly McPherson                  Date
Defendant

_____    _6/8/22_____
Matthew Chauvin                    Date
Attorney for Defendant
Bar Roll No. 513145